JUSTICE RICE
dissenting.
¶24 I respectfully dissent from the Court’s decision herein.
¶25 According to Officer Zimmerman’s testimony, Defendant Cameron was specifically advised of the police investigation and asked repeatedly to return to the vehicle. Cameron refused, requiring Zimmerman to physically restrain him. Zimmerman testified that his *253 duties to the investigation were interrupted by Cameron’s actions, and he was not able to provide the assistance to Officer Brenden that he is required to provide in such situations. Zimmerman also testified about the dangers in simply allowing Cameron to walk away from the investigation.
¶26 In ¶ 10, the Court references Cameron’s assertion that “there is no evidence that he knew the officers were investigating” and concludes that “there was no evidence that Cameron impaired the investigation.” Using hindsight, the Court reasons that the investigation concluded satisfactorily, and thus, Cameron’s failure to comply with Zimmerman’s orders did not cause any detriment. However, I believe the Court’s analysis is flawed.
¶27 First, Officer Zimmerman testified specifically that he informed Cameron that they were conducting an investigation. While Cameron disputes this evidence, it was nonetheless presented to the jury by Zimmerman, referenced by the prosecutor and accepted by the jury. Second, and more importantly, whether the investigation was ultimately completed successfully without Officer Zimmerman’s assistance is irrelevant to the charge. The elements of this crime are not determined by a post-event analysis to determine whether things “turned out okay,” but whether the defendant knowingly impeded the process of the investigation. Here, Cameron impeded the investigation by knowingly interfering with Officer Zimmerman’s completion of his assigned duty of providing assistance to Officer Brenden. I would affirm the conviction.